W. T. BRANCH, *Assignee*, v. MILFORD SAVINGS
BANK.

No. 118.

TRUST FUND — *insurance paid to assignor of mortgage is, and
may be recovered from his assignee in insolvency without de-
mand.* L. and wife executed their mortgage deed to an invest-
ment company to secure the sum of seven hundred dollars, by the
terms of which they agreed to insure the buildings on the premises
for the benefit of the investment company; and they did procure,
in accordance with the terms of the mortgage, a policy of insurance
upon such premises in the sum of $225, indorsed payable to the
mortgagee or its assigns.   The investment company assigned this
mortgage and the note secured thereby to a savings bank.   After
it was assigned the property was destroyed by fire and the amount
of the policy paid to the investment company and retained by it.
Afterward, the investment company becoming insolvent, B. was
appointed, and now is, the assignee thereof, and this sum was
turned over to him as a part of the general assets of the company:
*Held*, that the money became a trust fund and not an asset of
the company, and the bank has a right to follow and reclaim the
fund from the assignee; and *held*, further, that the failure of the
bank to present its demand to the assignee will not prevent it
from maintaining an action for the recovery of the trust fund.

Error from Mitchell District Court.   Hon. Cyrus
Heren, Judge.   Opinion filed January 4, 1897.   *Af-
firmed.*

*D. M. Thorp*, for plaintiff in error.

*Clark A. Smith*, for defendant in error.

GILKESON, P. J.   The findings of fact made by the
court are as follows :

"That the plaintiff is a corporation and was such
corporation at the date of the commencement of this
action ; and that the Security Investment Company
was, prior to the commencement of this action, a cor-
poration doing business in the State of Kansas ; that
on the seventh day of February, 1891, the Security
Investment Company made an assignment of all its

property for the benefit of its creditors ; and that W. T. Branch was, at the date of the commencement of this action and prior thereto, and ever since said date has been, the duly qualified and acting assignee of said Security Investment Company.

"That on the first day of November, 1887, one Richard H. Lewis executed to the said Security Investment Company his bond and mortgage of that date, due five years after date, for the sum of seven hundred dollars, the said mortgage being given to secure said bond in said amount ; the said mortgage, given as security for said bond, covered lot ten, block eight, in the city of Glasco, Cloud County, Kansas ; that the allegations of the terms of said mortgage in the petition, which were not denied under oath by the defendant, are : 'That by the terms of said mortgage said Richard H. Lewis contracted to insure, and did procure a policy of insurance upon, the dwelling house situated on said lot in the sum of $225, insuring said Richard H. Lewis and the holder of said bond and real-estate mortgage against loss or damage by fire in said sum of $225 ;' and that the allegations of the terms of said policy which are not denied under oath by the answer, but denied generally, are : 'That by the terms of said policy of insurance it was expressly stipulated that the loss, if any, occurring thereunder was to be paid to the Security Investment Company, or its assigns, as mortgagee, as its or his interest might appear ;' and that the conditions of the mortgage itself, as introduced in evidence, upon the question of procuring insurance provided : 'That the said first party shall keep the buildings on said premises insured in some responsible or approved company or companies for the benefit of said second party in the sum of not less than three hundred dollars and shall deliver the policies and renewal receipts to the said second party, and should said first party neglect so to do said second party may effect such insurance and recover of said first party the amount paid therefor, and interest at twelve per cent. per annum, and this mortgage shall stand as security therefor ;'

which provision in said mortgage is the only provision therein contained referring to insurance.

"That on the twenty-ninth day of November, 1887, the said Security Investment Company, by V. H. Branch, its secretary, transferred the bond and mortgage to the plaintiff; that the assignment was without recourse save that it guaranteed, *first*, the prompt payment of the interest thereon at seven per cent. per annum, payable semi-annually, until the principal was fully paid, *second*, the payment of the principal within two years from maturity; that at the date of the commencement of this action the plaintiff was the owner and holder of said note and mortgage; that the said Lewis did procure insurance upon said property, and that there was paid by the insurance company executing the policy to the Security Investment Company the sum of $225 by reason of their liability or supposed liability upon such policy of insurance. That said money so received by the said Security Investment Company was applied by the said Security Investment Company in the discharge of certain coupons upon this and other indebtedness from the said Lewis to the said Security Investment Company, some, if not all, of which they had prior thereto paid by reason of their guaranty.·

"That the said sum has ever since been retained by the said Security Investment Company and commingled with the general funds of said company; and at the time of the assignment of the estate it was included, after being so commingled with the other property assigned to W. T. Branch as the assignee.

"That prior to the commencement of this action, upon request of plaintiff's attorney, the assignee declined to pay the said amount to the plaintiff.

"That on the third day of August, 1891, the bond executed by Richard H. Lewis and secured by said mortgage was presented to, and allowed as a contingent claim by, the assignee of the Security Investment Company in the principal sum of $700, and interest of $37.61, making a total of $737.61; that at the time of such presentation there was no mention made of in-

BRANCH v. MILFORD SAVINGS BANK. 249

Jan. 4, 1897.        Opinion.   Gilkeson, P. J.              C. Div.

surance or mortgage, nor was there any special finding, or finding of any kind, of the assignee relative to the mortgage or insurance; that some time after such allowance, to wit: about April 20, 1892, the plaintiff's attorney, in conversation with the assignee and V. H. Branch, who had previously acted in the capacity of secretary and president of such company, learned that said amount of $225 as insurance money had been paid to the said Security Investment Company.

"That there is now in the hands of the assignee the said sum of $225, together with six per cent. interest thereon from the twentieth day of April, 1892, to this date, amounting in all to $238.50, belonging to the plaintiff."

These findings are not only sustained by "some," but by ample testimony, and will not, therefore, be disturbed.

The conclusions of law are as follows:

"As conclusions of law the court finds, that the said sum of $238.50 is in equity a trust fund and that the title thereto is in the plaintiff, and that the assignee, W. T. Branch, should deliver over to the said plaintiff said amount in his hands as such assignee, conditioned that the said plaintiff will upon receipt thereof credit the amount on the claim heretofore proved up before the assignee; thereby reducing the amount so proved up from $737.61 to $499.11."

These we think are correct. At the time the secretary of the investment company received the proceeds of this insurance policy, the relations of debtor and creditor did not exist between it and Lewis and wife, but, on the other hand, with respect to this specific fund, the relation of principal and agent existed between the investment company and the Bank and the fund was held by the investment company in a fiduciary capacity. It became a trust fund, never belonged to the investment company, and its creditors cannot be injured by its being turned over to the

Bank; and even if it has been mixed with the other funds of the company, this cannot prevent the plaintiff from following and reclaiming it. *Peak v. Ellicott*, 30 Kan. 156.

The other point made by plaintiff in error is, that the Bank, having failed to present its claim for this fund to the assignee, is precluded from availing itself of its equitable lien against the assets of the estate of the company. This point cannot be sustained. *Myers v. Board of Education*, 51 Kan. 89.

The judgment will be affirmed.